**METROPOLITAN DISTRICT COUNCIL OF PHILADELPHIA AND VICINITY OF the UNITED BROTHERHOOD OF CARPENTERS AND JOINERS OF AMERICA, et al.**

v.

**CALVANESE BUILDING CORP.**

Civ. A. No. 89–4975.

United States District Court,
E.D. Pennsylvania.

April 23, 1990.

Richard C. McNeill, Jr., Sagot, Jennings & Sigmond, Philadelphia, Pa., for plaintiffs.

Thomas Oeste, Philadelphia, Pa., for defendant.

## MEMORANDUM

KATZ, District Judge.

This is an action for collection of delinquent contributions to an employee benefit fund and for breach of a collective bargaining agreement provision barring subcontracting with entities that are not bound by a collective bargaining agreement. Plaintiffs are Metropolitan District Council of Philadelphia & Vicinity, United Brotherhood of Carpenters and Joiners of America (hereinafter, "MDC"), its various fringe Benefit Funds (hereinafter, "the Funds") and the Trustees of those Funds (hereinafter, "Trustees"). Defendant is Calvanese Building Corporation. This action has been brought pursuant to Section 301 of the Labor–Management Relations Act, 29 U.S.C. § 185, as well as Sections 502 and 515 of ERISA, 29 U.S.C. §§ 1132 and 1145. Plaintiffs have moved for summary judgment. For the reasons set forth below, the motion will be granted in part and denied in part.

## FACTS

The following facts are undisputed:

1. On July 22, 1988, CBC agreed to be bound by the provisions of a collective bargaining agreement between the Interior Finish Contractors Association of Delaware Valley and the MDC ("the IFCA Agreement"). The IFCA Agreement covers commercial construction.

2. During the time period that CBC has been bound by the IFCA Agreement, it has performed only one commercial project as

of the date of this motion—the Millennium Office Centre on Roosevelt Boulevard in Philadelphia, Pennsylvania.

3. On July 22, 1988, CBC agreed to be bound by a collective bargaining agreement between the Philadelphia Home Builders' Association and the MDC. On May 5, 1989, CBC agreed to be bound by the successor agreement to the Home Builders' Agreement of Philadelphia and the MDC ("the Residential Agreements").

4. Under both the IFCA and Residential Agreements, CBC was required to pay certain wage rates to its carpentry employees, and also was required to remit certain fringe benefit contributions to the Funds for each hour worked by these employees. Both the IFCA and Residential Agreements also contain subcontractor provisions which required CBC to subcontract work on its project covered by the respective agreements only to subcontractors that were bound by the terms of a collective bargaining agreement with the MDC.

5. During the term of the IFCA Agreement, CBC employed at least two (2) carpentry employees covered by the IFCA Agreement—Robert L. DeCarlo and Frank X. McLeod. During the time period of the IFCA Agreement, CBC failed to make the contributions to the Funds required by the IFCA Agreement for Messrs. DeCarlo and McLeod.

6. The unpaid contributions to the Funds for Messrs. DeCarlo and McLeod amount to $2,867.32. Liquidated damages on these contributions authorized by the Trustees and by ERISA amount to $286.71. Interest on said unpaid contributions amounts to $83.43.

7. During the term of the IFCA Agreement, CBC subcontracted carpentry work at a work site covered by the IFCA Agreement to at least one subcontractor that is neither signatory to, nor bound by an Agreement with the MDC. Specifically, CBC engaged Zennon Construction Co. ("Zennon") to perform carpentry work at CBC's Millennium Office Centre at the beginning of July, 1989. Zennon performed one hundred twenty-eight (128) hours of carpentry work at CBC's Millennium Office Centre.

8. Article 14 of the Residential Agreement effective May 1, 1989 provides that any dispute arising as to the interpretations, application or claimed violation of any provision of the agreement under the agreement shall be settled through arbitration.

## LAW

■ 1. Defendant's failure to contribute to the Funds for DeCarlo and McLeod is in breach of the IFCA agreement.

2. Defendant is liable to the Funds for $2,867.32 in unpaid contributions.

3. Pursuant to Article 16, Section 1(c) of the IFCA Agreement, defendant is liable for $286.71 in liquidated damages and $83.43 in interest on the unpaid contributions.

■ 4. Defendant's engagement of Zennon Construction Co. to perform 128 hours of carpentry work on the Millennium project is in breach of the subcontractor clause of the IFCA Agreement.

5. The appropriate remedy for this breach is the amount that would have been paid to the funds had defendant abided by the subcontractor clause in the IFCA Agreement. *E.g., Walsh v. Schlecht*, 429 U.S. 401, 97 S.Ct. 679, 50 L.Ed.2d 641 (1977). Thus, defendant's liability for this breach equals the fringe benefit contributions for 128 hours of work. Lost wages are not a proper component of the measure of damages. In addition, plaintiffs are entitled to an injunction against further breach of the subcontractor clause in the IFCA Agreement.

6. All of the claimed violations relating to the Residential Agreements are subject to binding arbitration pursuant Article 14 of that agreement.

## ORDER

AND NOW, this 23rd day of April, 1990, upon consideration of plaintiffs' Motion for Summary Judgment and the response of defendant, and after a hearing, it is hereby ORDERED as follows:

1. Summary Judgment is GRANTED in favor of plaintiffs and against defendant in the amount of $3,157.46 on plaintiffs claim for unpaid contributions.

2. Summary Judgment is GRANTED in favor of plaintiffs and against defendant on plaintiffs' claim for breach of the sub-contractor clause of the IFCA Agreement in the amount of the fringe benefit contribution on 128 hours of work, the cost of suit and attorney's fee (limited to costs relating to recovery of unpaid benefits). The parties shall submit a form of judgment covering ¶¶ 1 and 2 of this Order within 10 days.

3. Summary Judgment is DENIED with respect to all claimed breaches of the sub-contractor clause in the Residential Agreements. Those claims are stayed in light of the valid agreement between the parties to arbitrate all disputes under the Residential Agreements. The parties shall file a written report on the status of the arbitration at the end of six months from the date of this Order and every 3 months thereafter.

4. Defendant is hereby ENJOINED from any further violation of the sub-contractor clause (Article 12) of the Agreement between the Interior Finish Contractors Association of Delaware Valley and the Metropolitan District Council of Philadelphia and Vicinity, Effective May 1, 1988 through April 30, 1991.